UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHN WILSON,<br><br>Plaintiff,<br><br>v.<br><br>HIGH DESERT STATE PRISON, et al.,<br><br>Defendants. | No. 2:25-cv-0309 CSK P<br><br>ORDER AND ORDER TO SHOW CAUSE |

## I. INTRODUCTION

Plaintiff appears pro se and in forma pauperis in this civil rights action pursuant to 42 U S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

///

For the following reasons, plaintiff is ordered to show cause why this action should not be dismissed for failure to exhaust administrative remedies; in the alternative, he may file an amended complaint provided he has exhausted administrative remedies as to at least one claim prior to January 23, 2025, or he may seek voluntary dismissal if he has not exhausted administrative remedies as to any claim by January 23, 2025.

## II. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

### III.    BACKGROUND

Plaintiff filed his complaint on January 23, 2025. (ECF No. 1.) Plaintiff raises claims concerning medical treatment at High Desert State Prison ("HDSP"), and his need for: spinal surgery since he arrived at HDSP on September 24, 2024; x-ray and other medical treatment for his right hand injury suffered on November 18, 2024; and medical treatment for an ankle injury incurred on January 4, 2025. (Id. at 5-8.) Named as defendants are HDSP, Warden of HDSP, B. Wheeler, ADA Coordinator, Dr. Stokmanis, hiring authorities, and "others." (Id. at 1, 5.) In his complaint, plaintiff confirms that there is a grievance procedure at HDSP, claims he has filed an appeal or grievance concerning all of the claims in his complaint, and answers yes to the question "Is the process completed?" (Id. at 2.) But plaintiff then writes "not yet still in process at this time on a few grievance log #'s, but the ADA disability accommodation is final and was approved," but as of January 2, 2025, nothing has been done. (Id.) Plaintiff acknowledges that the "court may not excuse an inmate's failure to exhaust administrative remedies prior to bringing suit under the PLRA even to take 'special' circumstances into account." (Id. at 12.)

### IV.    LEGAL STANDARDS REGARDING ADMINISTRATIVE EXHAUSTION

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Ross v. Blake, 578 U.S. 632, 643 (2016). Prisoners are required to exhaust the available administrative remedies prior to filing suit. See Jones v. Bock, 549 U.S. 199, 211 (2007). The exhaustion

requirement applies to all prisoner suits relating to prison life. See Porter v. Nussle, 534 U.S. 516, 532 (2002). As discussed in Ross, there are no "special circumstances" exceptions to the exhaustion requirement. 578 U.S. at 639.

When it is clear on the face of the complaint that a plaintiff failed to exhaust administrative remedies, dismissal without prejudice is proper. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014); Davis v. Cal. Dep't of Corr. and Rehab., 474 F. App'x 606, 607 (9th Cir. 2012) (district court properly dismissed case where it was clear on face of complaint that administrative remedies were not exhausted prior to filing).

## VI.    CALIFORNIA'S ADMINISTRATIVE EXHAUSTION PROCESS

The California Department of Corrections and Rehabilitation ("CDCR") provides inmates the right to administratively grieve and appeal any "policy, decision, action, condition, or omission by the [CDCR] or departmental staff that causes some measurable harm to their health, safety, or welfare." 15 Cal. Code Regs. § 3481(a) (eff. June 1, 2020).[1]

The healthcare grievance process consists of two levels of review. At the first level, the inmate submits the claim by filling out Form CDCR 602 HC's Section A and submitting the Form 602 to the institution's Health Care Grievance Office ("HCGO"). 15 Cal. Code Regs. § 3999.227(b). In Section A, the inmate is required to "document clearly and coherently all information known and available to him or her regarding the issue," including "any involved staff member's last name, first initial, title or position, and the date(s) and description of their involvement." 15 Cal. Code Regs. § 3999.227(g). If the inmate does not have information to identify the involved staff member(s), the prison regulations instruct the inmate to "provide any other available information that may assist in processing the health care grievance." 15 Cal. Code Regs. § 3999.227(g)(2). The HCGO shall process the grievance and return it to plaintiff within 45 business days after the grievance is received. 15 Cal. Code Regs. § 3999.228(i). If an inmate is dissatisfied with the first level/HCGO decision, the inmate may appeal the decision to the

---

[1] The regulations addressing the administrative remedies process for California prisoners were substantially rewritten in 2020. On March 25, 2020, and effective June 1, 2020, 15 Cal. Code Regs. §§ 3084-3084.9 were repealed and replaced with the renumbered and amended provisions at sections 3480 through 3487.

second and final level by completing and signing CDCR Form 602 HC Section B, and submitting the appeal to the Health Care Correspondence and Appeals Branch ("HCCAB") within 30 calendar days, plus five calendar days for mailing from the date noted on the CDCR 602 HC in the "Date closed and mailed/delivered to grievant" section on page 1 of 2.  15 Cal. Code Regs. § 3999.229(a).  The HCCAB review constitutes the final disposition of a health care grievance and exhausts administrative remedies.  15 Cal. Code Regs. § 3999.230(h).  Prisoners cannot add new claims during the grievance process.  15 Cal. Code Regs. § 3999.229(a)(3).  However, the HCCAB may, in its discretion, address new issues not previously included in the original health care grievance.  15 Cal. Code Regs. § 3999.230(i).  A headquarters/HCCAB level disposition addressing new issues exhausts administrative remedies. 15 Cal. Code Regs. § 3999.230(j).  Only issues addressed in the headquarters/HCCAB level review are deemed exhausted.  15 Cal. Code Regs. § 3999.230(i)–(j).

## VI.    ANALYSIS

It is clear from the face of the complaint that plaintiff did not exhaust available administrative remedies as to all of his claims prior to filing this action.  The United States Supreme Court requires prisoners to "properly exhaust administrative remedies" by following the procedural rules defined "by the prison grievance process."  Bock, 549 U.S. at 218.  As set forth above in detail, California prisoners are required to pursue administrative remedies by filing a Form 602 grievance through the final level of review before filing a complaint in federal court.  Filing a request for accommodation under the ADA does not exhaust administrative remedies for purposes of bringing a § 1983 action in federal court because it does not comply with the required CDCR administrative grievance process.

However, because plaintiff also states that "a few grievances were still in process" and "other grievances still in process" (ECF No. 1 at 2), it may be that one or more grievances addressing plaintiff's medical needs may have been resolved at the final level of review at the time plaintiff filed this action on January 23, 2025.  If plaintiff exhausted one or more of those grievances by January 23, 2025, plaintiff may amend his complaint to raise only those claims that were exhausted by January 23, 2025.  If he has exhausted at least one of his claims, plaintiff is

cautioned that failure to amend to only raise such exhausted claim will only delay this action.

Accordingly, plaintiff is ordered to show cause why this action should not be dismissed for failure to exhaust administrative remedies. The dismissal would be without prejudice. Therefore, if plaintiff exhausts his administrative remedies in the future, he could refile the complaint. If plaintiff had not exhausted any of his claims prior to January 23, 2025, he may opt to voluntarily dismiss this action, which would also be without prejudice.

**VII.   GUIDANCE REGARDING AMENDMENT**

If plaintiff chooses to file an amended complaint, he is informed that he is not required to provide exhibits, and he is not required to cite legal authorities. Rather, plaintiff should focus on the facts supporting his claim; that is, who did what to violate his constitutional rights. To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff is encouraged to use the Court's § 1983 complaint form to assist him in filing an amended complaint raising only claims for which he has exhausted his administrative remedies by January 23, 2025, if any, and in setting forth only facts, not legal citations or arguments.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

A. Eighth Amendment Medical Claims

Plaintiff is provided the following standards governing Eighth Amendment medical claims. A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The two-part test for deliberate indifference requires plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's

response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.  A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Negligence allegations are insufficient.  Deliberate indifference "requires more than ordinary lack of due care."  Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835).  The indifference to the prisoner's medical needs must be substantial -- negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation.  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

### B. California State Law Claims

Finally, plaintiff raises a medical malpractice claim under state law.  (ECF No. 1 at 18.)  Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.  Moreover, if a plaintiff pursues state law claims, the plaintiff must clearly identify each claim and demonstrate compliance with the California Government Claims Act as to each claim.  Cal. Gov't Code § 810, et seq.  The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2 (2011).  A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues.  Cal. Gov't Code § 911.4.

Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official.  State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1244 (2004).  Thus, timely presentation of a claim under the Government Claims Act must be pled in the complaint.  Id. at 1237, 1240; see also Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995).  The plaintiff must present facts demonstrating compliance, rather than simply conclusions suggesting as much.  Shirk v. Vista Unified School Dist., 42 Cal. 4th 201, 209 (2007), as modified (Oct. 10, 2007).  Such requirements also apply to state law claims included in a federal action under § 1983.  See Volis v. Housing Auth. of the City of L.A.

8

Emps., 670 F. App'x 543, 544 (9th Cir. 2016).

To be timely, a claim must be presented to the Board "not later than six months after the accrual of the cause of action." Cal. Govt. Code § 911.2. Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the claim. Cal. Govt. Code, § 945.6, subd. (a)(1). Federal courts must require compliance with the California Government Claims Act for pendant state law claims that seek damages against state employees or entities. Willis v. Reddin, 418 F.2d 702, 704 (9th Cir. 1969); Mangold, 67 F.3d at 1477. State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were presented in compliance with the applicable exhaustion requirements. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 627 (9th Cir. 1988); Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

## VIII. ORDERS

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Within thirty days from the date of this order, plaintiff shall show cause why this action should not be dismissed for failure to exhaust administrative remedies; in the alternative:

(a) plaintiff may file an amended complaint raising only claims for which he exhausted administrative remedies by January 23, 2025. If plaintiff chooses to file an amended complaint raising only exhausted claims, he should complete the attached Notice of Election and submit the Notice and his amended complaint to the court. Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Plaintiff shall include only facts, no

1  legal arguments or citations.

2              OR

3              (b) if plaintiff has not exhausted administrative remedies as to any claim by

4  January 23, 2025, he may request voluntary dismissal of this action.

5       4.  Failure to respond to this order will result in a recommendation that plaintiff's

6  complaint be dismissed for failure to exhaust administrative remedies.

7       5.  The Clerk of the Court is directed to send plaintiff the form for filing a civil rights

8  complaint by a prisoner.

Dated:  February 28, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/wils0309.fte.sua

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHN WILSON,<br><br>Plaintiff,<br><br>v.<br><br>HIGH DESERT STATE PRISON, et al.,<br><br>Defendants. | No. 2:25-cv-0309 CSK P<br><br><br>NOTICE OF ELECTION |

Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐   Amended Complaint

(Check this box if submitting an Amended Complaint)

OR

☐   Plaintiff voluntarily dismisses this action without prejudice.

(Check this box if plaintiff has not exhausted administrative remedies as to any claim by January 23, 2025.)

DATED:

_____
Plaintiff

11