1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHRISTOPHER JOHN WILSON,                    No.  2:25-cv-0309 CSK P

12                 Plaintiff,

13          v.                                    ORDER

14    HIGH DESERT STATE PRISON, et al.,

15                 Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to

18    42 U.S.C. § 1983 and is proceeding in forma pauperis.  This proceeding was referred to this Court

19    pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  This case is before the Court to address

20    plaintiff's response to the order to show cause and to screen plaintiff's first amended complaint.

21    As set forth below, the pending order to show cause is discharged, and plaintiff is granted leave to

22    file a second amended complaint.

23    I.    STATUS OF PLAINTIFF'S AMENDMENTS

24          On February 28, 2025, plaintiff was ordered to show cause why this action should not be

25    dismissed for failure to exhaust administrative remedies.  (ECF No. 11.)  In the alternative, he

26    could file an amended complaint raising only claims for which he exhausted administrative

27    remedies by January 23, 2025, or, if plaintiff had not exhausted administrative remedies as to any

28    claim by January 23, 2025, plaintiff could request voluntary dismissal of this action.  (Id.)

                                                  1

1    On March 3, 2025, plaintiff filed a 218 page document consisting of a 26 page civil rights

2    complaint and appending 192 exhibits.  (ECF No. 14.)  This 26 page complaint is virtually

3    identical to plaintiff's original 25 page complaint, both signed on January 6, 2025, with the

4    exception that plaintiff included new pages 9 and 10 in which he added some incidents from

5    January 6, 2025, and elaborated on arguments based on Estelle v. Gamble, 429 U.S. 97, 104

6    (1976), and omitted the proof of service.  (ECF No. 14 at 9-10, 26.)  The complaints also differ in

7    that plaintiff appended no exhibits to his original complaint.  (ECF No. 1.)  In addition, the March

8    3, 2025 filing reflects that it was scanned and emailed to the Court on January 23, 2025, the same

9    day plaintiff's original complaint was filed.  (ECF No. 14 at 218.)  Finally, the March 3, 2025

10    filing reiterates the failure to exhaust issue identified in the Court's screening order, and the

11    newly provided exhibits do not demonstrate that plaintiff exhausted any of his claims prior to the

12    filing of this action on January 23, 2025.

13    Based on the scanning date, and the duplicative nature of the filing, the Court declines to

14    construe this document as an amended complaint and disregards the filing.  Accordingly, the

15    Clerk of the Court is directed to edit the docket as follows:  change the March 3, 2025 entry (ECF

16    No. 14) to "Duplicate Complaint," and edit the April 18, 2025 entry (ECF No. 19) to "First

17    Amended Complaint," as it was titled by plaintiff.

18    II.    ORDER TO SHOW CAUSE

19    On April 18, 2025, plaintiff elected to file a 40 page first amended complaint ("FAC") in

20    which he responded to the order to show cause, claiming he has exhausted his administrative

21    remedies, and appended 66 pages of exhibits.  (ECF No. 19.)  Because the failure to exhaust

22    administrative remedies is no longer clear from the face of the pleading, and exhaustion is an

23    affirmative defense, the Court discharges the order to show cause, and will turn to screening

24    plaintiff's FAC.

25    III.    SCREENING STANDARDS

26    The court is required to screen complaints brought by prisoners seeking relief against a

27    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

28    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

3         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9    Cir. 1989); Franklin, 745 F.2d at 1227.

10        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

11   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

12   support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding,

13   467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v.

14   Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

15   complaint under this standard, the court must accept as true the allegations of the complaint in

16   question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading

17   in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

18   McKeithen, 395 U.S. 411, 421 (1969).

19   IV.    DISCUSSION

20        Plaintiff responded to the order to show cause within the proposed FAC, addressing the

21   issue of exhaustion of administrative remedies both at the beginning of his FAC, as well as

22   throughout the factual allegations set forth in the FAC.  (ECF No. 19 at 5-8, 17, 18, 21, 25, 30,

23   35.)  In addition, plaintiff included case citations and elements of potential claims, the burden of

24   proof, references to other rights prisoners retain, a list of relevant legal publications and state and

25   federal statutes, prison regulations, and arguments as to why plaintiff believes his claims are

26   valid.  (Id. at 15, 23-26, 28-29, 30-33, 35-36.)  Finally, plaintiff included a list of rights set forth

27   in the Correctional Health Care Services "Inmate Patient Orientation Handbook."  (Id. at 33-35.)

28   The inclusion of such extraneous information in the FAC unduly lengthens and confuses the

1    pleading, making it difficult to ascertain which allegations are asserted against which defendant,

2    to the extent any of the information was intended to be considered with the form claims that

3    plaintiff also included.[1] (Id. at 13, 14, 38.)  As a result, the FAC is not short and plain, in

4    violation of Rule 8(a)(2).  Therefore, the FAC must be dismissed.  See, e.g., Cafasso, U.S. ex rel.

5    v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (complaints are subject to

6    dismissal if they are "needlessly long," "highly repetitious, confusing, or consist of

7    incomprehensible rambling").  The failure to comply with Rule 8 is a basis for dismissal that is

8    not dependent on whether the complaint is without merit.  See McHenry v. Renne, 84 F.3d 1172,

9    1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix,

10    replete with redundancy, and largely irrelevant").  Even claims which are not on their face subject

11    to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a).  See id.  Plaintiff's

12    pro se status does not relieve him of conformity to the pleading rules.  See, e.g., Romano v. U.S.

13    Army Core of Eng'rs, 2017 WL 6448221, at *1 (N.D. Cal. Dec. 18, 2017).

14            Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

15    notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency,

16    733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity

17    overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has

18    failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the FAC must be dismissed.

19    The Court will, however, grant leave to file a second amended complaint.

20    V.        GUIDANCE REGARDING AMENDMENT

21            Plaintiff is provided the following substantive standards relevant to claims mentioned in

22    his FAC.

23            A.    Eighth Amendment Standards

24            Plaintiff alleges that defendants Dr. Stokmanis and Dr. D. Eaton were deliberately

25    indifferent to plaintiff's serious medical need for spinal surgery, treatment for plaintiff's left ankle

26    injury, and right hand that has bone protruding out, by intentionally delaying his spinal surgery

27
─────────────────────────────
[1] Indeed, plaintiff might consider using pages 1, 2, 13, 14, 38, 39, and 40 as the basis for his
28    second amended complaint.

1    that was already in the works when plaintiff was transferred to High Desert State Prison, and

2    failing to provide adequate medical treatment for his ankle and right hand.  (ECF No. 19 at 13,

3    14, 38.)

4         Deliberate indifference to a serious medical need violates the Eighth Amendment's

5    proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104

6    (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds,

7    WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of

8    "deliberate indifference" involves an examination of two elements:  the seriousness of the

9    prisoner's medical need and the nature of the defendant's response to that need.  See McGuckin,

10   974 F.2d at 1059.

11        A "serious medical need" exists if the failure to treat the injury or condition "could result

12   in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Jett v. Penner,

13   439 F.3d 1091, 1096 (9th Cir. 2006) (quoting McGuckin, 974 F.2d at 1059).

14        An official acts with deliberate indifference if he "knows of and disregards an excessive

15   risk to inmate health or safety; to satisfy the knowledge component, the official must both be

16   aware of facts from which the inference could be drawn that a substantial risk of serious harm

17   exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

18   Also, "[p]rison officials are deliberately indifferent to a prisoner's serious medical needs when

19   they deny, delay, or intentionally interfere with medical treatment,"  Hallett v. Morgan, 296 F.3d

20   732, 744 (9th Cir. 2002) (internal citations and quotation marks omitted), or when they fail to

21   respond to a prisoner's pain or possible medical need.  Jett, 439 F.3d at 1096.

22        Deliberate indifference is a higher standard than negligence or lack of ordinary due care

23   for the prisoner's safety.  Farmer, 511 U.S. at 835.  Moreover, a delay in medical treatment does

24   not violate the Eighth Amendment unless that delay causes further harm.  McGuckin, 974 F.2d at

25   1060.

26        Further, "Eighth Amendment doctrine makes clear that "[a] difference of opinion between

27   a physician and the prisoner -- or between medical professionals -- concerning what medical care

28   is appropriate does not amount to deliberate indifference."  Hamby v. Hammond, 821 F.3d 1085,

1  1092 (9th Cir. 2016) (internal quotations and citations omitted) (evaluating merits of Eighth

2  Amendment claim in context of qualified immunity).  Difference in opinion amounts to deliberate

3  indifference only when the course of treatment chosen is "medically unacceptable under the

4  circumstances" and was chosen "in conscious disregard of an excessive risk to plaintiff's health."

5  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).  Only conduct characterized by "obduracy

6  and wantonness" amounts to deliberate indifference under the Eighth Amendment.  Whitley v.

7  Albers, 475 U.S. 312, 319 (1986).  The action must rise to a level of "unnecessary and wanton

8  infliction of pain."  Estelle, 429 U.S. at 105.

9       Plaintiff is advised that in the second amended complaint, he must include specific facts as

10  to each named defendant that addresses each element of an Eighth Amendment deliberate

11  indifference claim.

12       B.  Fourteenth Amendment

13       Plaintiff cites the Fourteenth Amendment in connection with his medical claims.  (ECF

14  No. 19 at 13, 14, 38.)  However, such claims are subsumed by the Eighth Amendment and do not

15  state a separate claim.  See Albright v. Oliver, 510 U.S. 266, 273 (1994) ("Where a particular

16  Amendment provides an explicit textual source of constitutional protection against a particular

17  sort of government behavior, that Amendment, not the more generalized notion of "substantive

18  due process," must be the guide for analyzing such a claim.") (internal quotes and citation

19  omitted); Whitley, 475 U.S. at 327 (the Fourteenth Amendment affords a prisoner no greater

20  protection than the Eighth Amendment).

21       C.  Negligence and Medical Malpractice Insufficient

22       Throughout the FAC, plaintiff claims negligence and medical malpractice.  However,

23  negligence allegations are insufficient to state a cognizable Eighth Amendment claim.  Deliberate

24  indifference "requires more than ordinary lack of due care."  Colwell v. Bannister, 763 F.3d 1060,

25  1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835).  The indifference to the prisoner's

26  medical needs must be substantial -- negligence, inadvertence, or differences in medical judgment

27  or opinion do not rise to the level of a constitutional violation.  Toguchi v. Chung, 391 F.3d 1051,

28  1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an

6

1   Eighth Amendment violation).  Medical malpractice or negligence does not support a cause of

2   action under the Eighth Amendment.  Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir.

3   1980) (per curiam).

4           D.  Americans with Disabilities Act

5           Plaintiff claims he is disabled under the Americans with Disabilities Act ("ADA") based

6   on his hearing disability which requires him to wear hearing aids.  (ECF No. 19 at 24-25.)

7   Plaintiff states that "defendants" intentionally discriminated against plaintiff, but he does not

8   explain how.  (Id. at 25.)

9           Title II of the Americans with Disabilities Act ("ADA") prohibits a public entity from

10  discriminating against a qualified individual with a disability, 42 U.S.C. §§ 12131, et seq.  State

11  prisons are public entities subject to the ADA.  Lee v. City of L.A., 250 F.3d 668, 691 (9th Cir.

12  2001); Pennsylvania. Dep't of Corr. v. Yeskey, 524 U.S. 206, 209 (1998)).  To state a claim of

13  disability discrimination under Title II of the ADA, a plaintiff must plausibly allege that (1) he is

14  an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit

15  of some public entity's services, programs, or activities; (3) he was either excluded from

16  participation in or denied the benefits of the public entity's services, programs, or activities, or

17  was otherwise discriminated against by the public entity; and (4) such exclusion, denial of

18  benefits, or discrimination was by reason of [his] disability.  McGary v. City of Portland, 386

19  F.3d 1259, 1265 (9th Cir. 2004).

20          To recover monetary damages under Title II of the ADA, a plaintiff must establish

21  intentional discrimination.  Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998)

22  ("compensatory damages are not available under Title II . . . absent a showing of discriminatory

23  intent").  "Intentional discrimination" in this context involves "deliberate indifference" to a

24  disabled person's need for an accommodation.  Duvall v. County of Kitsap, 260 F.3d 1124, 1138-

25  39 (9th Cir. 2001).  To establish deliberate indifference, a plaintiff must show the public entity

26  had knowledge that an ADA violation was likely to occur, and that the public entity failed to act

27  as a result of conduct involving an element of deliberateness.  Lovell v. Chandler, 303 F.3d 1039,

28  1056 (9th Cir. 2002).

1    VI.    LEAVE TO AMEND

2        If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how

3    the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or

4    statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended

5    complaint must allege in specific terms how each named defendant is involved.  There can be no

6    liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

7    defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

8    Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

9    1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

10    violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11        The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

12    1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

13    heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.

14    84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

15    set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

16    N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

17    which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must

18    eliminate from plaintiff's pleading all preambles, introductions, argument, explanations, stories,

19    evidence, attempts to negate possible defenses, summaries, and the like.  See McHenry, 84 F.3d

20    at 1180 (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning);

21    Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal

22    Rules of Civil Procedure is fully warranted" in prisoner cases).  The court (and defendants)

23    should be able to read and understand plaintiff's pleading in a short period.  See McHenry, 84

24    F.3d at 1177.  A long, rambling pleading, including many defendants with unexplained, tenuous

25    or implausible connection to the alleged constitutional injury or joining a series of unrelated

26    claims against many defendants very likely will result in delaying the review required by

27    28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for

28    violation of these instructions.  Plaintiff should focus on the specific facts that each defendant did

8

1   or did not do that plaintiff contends violated his rights rather than including a diary of events

2   without attribution to a particular defendant.

3       An amended complaint must be complete in itself without reference to any prior pleading.

4   Local Rule 220; see Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)

5   ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

6   existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original or

7   prior pleading is superseded and treated as non-existent.  See Ramirez, 806 F.3d at 1008.

8       Plaintiff is not required to append exhibits to his second amended complaint.

9       Finally, plaintiff is required to file his second amended complaint on the form provided by

10  the Clerk of Court.  Other than answering the questions concerning exhaustion contained in the

11  form complaint, plaintiff should not address issues of exhaustion in the second amended

12  complaint.  In addition, plaintiff's second amended complaint shall not exceed 20 pages.

13  VII.    ORDERS

14      In accordance with the above, IT IS HEREBY ORDERED that:

15      1.  The Clerk of the Court is directed to edit the docket as follows:  change the March 3,

16  2025 entry (ECF No. 14) to "duplicate complaint," and edit the April 18, 2025 entry (ECF No.

17  19) to "First Amended Complaint," as it was titled by plaintiff.

18      2.  Plaintiff's March 3, 2025 filing (ECF No. 14) is disregarded.

19      3.  The order to show cause (ECF No. 11) is discharged.

20      4.  Plaintiff's first amended complaint (ECF No. 19) is dismissed.

21      5.  Plaintiff is granted thirty days from the date of service of this order to file a second

22  amended complaint that complies with the requirements of this order, the Civil Rights Act, the

23  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint

24  must bear the docket number assigned this case and must be labeled "Second Amended

25  Complaint"; **the second amended complaint must be filed on the court's form and shall not**

26  **exceed 20 pages**.  Failure to file a second amended complaint in accordance with this order will

27  result in a recommendation that this action be dismissed.

28  ///

9

1      6. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights

2  complaint by a prisoner.

3

4  Dated:  May 12, 2025

5                                                          _____
                                                           CHI SOO KIM
6                                                          UNITED STATES MAGISTRATE JUDGE

7  /1/wils0309.14

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28