UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHN WILSON, | No. 2:25-cv-0309 CSK P |
| Plaintiff, | ORDER |
| v. | |
| HIGH DESERT STATE PRISON, et al, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff's second amended complaint is before the Court. As set forth below, plaintiff is provided an opportunity to elect how he wishes to proceed.

I.  PLAINTIFF'S ALLEGATIONS

In his second amended complaint ("SAC"), plaintiff alleges that defendants Dr. Stokmanis and Dr. D. Eaton have been and continue to be deliberately indifferent to plaintiff's serious medical needs by denying and delaying medical care for plaintiff's spinal vertebrae C5-C6, which has no cartilage, is bone on bone, which causes plaintiff severe pain. (ECF No. 30.) Plaintiff alleges he has made multiple requests for surgery to both defendants, but both delay and prolong surgery that was already in process before plaintiff was transferred to HDSP. (Id. at 4, 5, 45.) Plaintiff maintains that if he does not get the surgery it could lead to paralysis, and plaintiff is already suffering numbness in his arm and legs, and sometimes has difficulty walking. (Id. at 4.)

Plaintiff alleges that High Desert State Prison ("HDSP"), which is also named as a defendant, and CDCR are part of the hiring authority, and the "medical contractor" is the authority who hired defendants Dr. Stokmanis and Dr. D. Eaton. Plaintiff contends it is the hiring authority's responsibility to hire a properly-trained physician who will "have complete knowledge to care and provide the proper care and treatment," and "not prolong-delay." (Id. at 7.) Plaintiff adds that his left ankle is still in severe pain, and they will not do anything for it, and the "right hand 'nodule' still there." (Id. at 5.) Since November 18, 2024, plaintiff has not been sent to "an orthopedic about bone-nodule sticking out of right hand." (Id. at 7.) Plaintiff claims severe pain, suffering, anxiety, emotional stress, and alleges the pain is so excruciating that it affects his daily activities. (Id. at 7.) Plaintiff seeks any relief "deemed necessary." (Id. at 9.)

II.     SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III.     THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

///

IV. PLAINTIFF'S COGNIZABLE CLAIMS

The Court reviewed plaintiff's SAC and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable Eighth Amendment claims against defendants Dr. Stokmanis and Dr. D. Eaton based on their alleged denial and delaying of medical care for plaintiff's spinal vertebrae and excruciating pain.  See 28 U.S.C. § 1915A.

V. PLAINTIFF'S NONCOGNIZABLE CLAIMS

For the reasons stated below, the Court finds that the following allegations do not state cognizable claims, which are hereby dismissed with leave to amend.  In addition, plaintiff's claims against HDSP, as well as his claims against defendants Dr. Stokmanis and Dr. D. Eaton in their official capacities are barred by the Eleventh Amendment and are dismissed without leave to amend.

    A. Putative Due Process Violation

In addition to alleging violations of the Eighth Amendment, plaintiff alleges defendants' actions violated plaintiff's Fourteenth Amendment due process rights.  (ECF No. 30 at 4, 6.) However, such claim is subsumed by the Eighth Amendment and does not state a separate claim. See Albright v. Oliver, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing such a claim.") (internal quotes and citation omitted); Whitley v. Albers, 475 U.S. 312, 327(1986) (the Fourteenth Amendment affords a prisoner no greater protection than the Eighth Amendment).  Therefore, the Court construes plaintiff's allegations as Eighth Amendment violations.

    B. Plaintiff's Allegations re Ankle and Right Hand Nodule

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and

4

(2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)). A plaintiff can establish deliberate indifference "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citation omitted). The indifference to the inmate's medical needs must be substantial; inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. Gamble, 429 U.S. at 105-06; Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). The needless suffering of pain may be sufficient to demonstrate further harm. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).

Plaintiff's allegations concerning his left ankle and right hand nodule are too vague and conclusory to state a cognizable Eighth Amendment claim. Plaintiff is granted leave to amend should he be able to set forth specific facts demonstrating an Eighth Amendment violation by either defendant Dr. Stokmanis or Dr. D. Eaton concerning treatment for plaintiff's left ankle and right hand nodule.

C.  Eleventh Amendment Bar

Plaintiff names HDSP as a defendant. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against HDSP are frivolous and must be dismissed.

In addition, plaintiff sues defendants Dr. Stokmanis and Dr. D. Eaton "individually and officially." (ECF No. 30 at 5, 8.) Claims for damages against the state, its agencies, or its officers for actions performed in their official capacities are barred under the Eleventh

Amendment, unless the state waives its immunity. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit. See Quern, 440 U.S. at 344-45; see also Hafer v. Melo, 502 U.S. 21, 30 (1991) (clarifying that the Eleventh Amendment does not bar suits against state officials sued in their individual capacities.). Therefore, plaintiff's claims for monetary damages against defendants Dr. Stokmanis and Dr. D. Eaton in their official capacities are barred by the Eleventh Amendment and must be dismissed.

D.  Putative Negligence Claim

To state a viable state law claim (such as negligence) against a state employee or entity, a plaintiff must allege compliance with the Government Claims Act. See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1237 (2004) (for claims against the state, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint); Cal. Gov't Code § 900.6 (defining "State" as "the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller"). This requirement applies in federal court. See Clapp v. City and County of San Francisco, 846 F. App'x 525, 526 (9th Cir. 2021) (affirming dismissal where plaintiff "failed to allege facts sufficient to show that he complied with, or was excused from, the claim presentment requirement of the California Government Claims Act" (citation omitted)).

Here, plaintiff failed to allege compliance with the Government Claims Act, and thus fails to state a negligence cause of action. Plaintiff's negligence claim is dismissed with leave to amend should plaintiff be able to demonstrate compliance.

E.  Putative Doe Defendants

Although plaintiff does not identify "Doe defendants" as defendants in the SAC, plaintiff refers to a "hiring authority," "medical contractor," and a prisoner administrator. (ECF No. 30 at 5, 7.)

Plaintiff is advised that Rule 15 of the Federal Rules of Civil Procedure, not state law "Doe" pleading practices, governs whether new defendants may be added and if so, whether the claims against them would relate back to the filing of the initial complaint. Should plaintiff learn

the identities of other parties he wishes to serve, he must promptly move pursuant to Rule 15 to file an amended complaint to add them as defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after the action was commenced. In addition, unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.[1] Because plaintiff did not identify these unknown individuals as defendants in this action, the Court does not construe the SAC as proceeding against the "hiring authority," "medical contractor," or prisoner administrator.

VI.     PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendants Dr. Stokmanis and Dr. D. Eaton and pursue his Eighth Amendment claims solely based on his serious medical needs involving his spinal vertebrae and excruciating pain, or plaintiff may delay serving any defendant and attempt to state cognizable claims based on his left ankle injury and right hand nodule. If plaintiff elects to proceed forthwith against defendants Dr. Stokmanis and Dr. D. Eaton, against whom he stated potentially cognizable claims for relief based on medical care for plaintiff's spinal vertebrae and excruciating pain, then within thirty days plaintiff must so elect on the appended form. In this event the Court will construe plaintiff's election as consent to dismissal of plaintiff's remaining claims against defendants Dr. Stokmanis and Dr. D. Eaton without prejudice. Under this option, plaintiff does not need to file a third amended complaint.

Or, plaintiff may delay serving any defendant and attempt again to state additional cognizable Eighth Amendment claims against defendants Dr. Stokmanis and Dr. D. Eaton. If plaintiff elects to attempt to amend to state additional cognizable claims against defendants, he

---

[1] Where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie, 629 F.2d at 642).

7

has thirty days to do so.

Any third amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a third amended complaint, the

8

original pleading is superseded.

VII.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff appended copies of multiple grievances to his SAC.

Plaintiff's claims challenging his conditions of confinement are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)). The Supreme Court has held that courts may not excuse an inmate's failure to exhaust administrative remedies prior to bringing suit under the PLRA, even to consider "special" circumstances. Ross v. Blake, 578 U.S. 632, 640 (2016). Regardless of the relief sought, a prisoner must exhaust administrative remedies before filing in federal court. Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross, 532 U.S. at 741. In other words, exhaustion is a precondition to suit; exhaustion during the pendency of the litigation is insufficient. McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002).

"Proper exhaustion demands compliance with an agency's . . . critical procedural rules." Woodford v. Ngo, 548 U.S. at 90. Such rules are defined "by the prison grievance system itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88.)

California regulations distinguish prisoners' health care appeals from other types of grievances. Health care appeals are governed by Title 15 of the California Code of Regulations, Article 5, § 3999.225, et seq. The health care grievance process provides an administrative remedy "for review of complaints of applied health care policies, decisions, actions, conditions, or omissions that have a material adverse effect on [prisoners'] health or welfare." Cal. Code Regs. tit. 15, § 3999.226(a).

The regulations provide for two levels of review for a health care appeal. First, an inmate who files a health care grievance will receive review at the institutional level. Cal. Code Regs. tit. 15, § 3999.226(a)(1). In submitting a grievance, an inmate is required to "document clearly and coherently all information known and available to him or her regarding the issue" and identify the

staff member involved. Id. § 3999.227(g). The appeal should not involve multiple issues that do not derive from a single event. Id. § 3999.227(e). An inmate has thirty calendar days to submit his or her appeal from the occurrence of the action or decision being appealed or from "[i]nitial knowledge of the action or decision being grieved." Id. § 3999.227(b).

If a prisoner is "dissatisfied with the institutional level health care grievance disposition, the grievant may appeal the disposition by completing and signing Section B of the CDCR 602 HC and submitting the health care grievance package [for headquarters' level review] to HCCAB." Cal. Code Regs. tit. 15, § 3999.229(a). "The headquarters' level review constitutes the final disposition on a health care grievance and exhausts administrative remedies." Id. § 3999.230(h). The exhaustion requirement is echoed in another section:

> Health care grievances are subject to a headquarters' level disposition before administrative remedies are deemed exhausted pursuant to section 3999.230. A health care grievance or health care grievance appeal rejection or withdrawal does not exhaust administrative remedies.

Id. § 3999.226(g).

Exhausting administrative remedies while a suit is pending does not satisfy the exhaustion requirement. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Under the PLRA, inmates must exhaust administrative remedies before filing suit. McKinney, 311 F.3d at 1199 ("[T]he PLRA's exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his administrative remedies while his case is pending.").

The exhaustion question in PLRA cases should be decided as early as feasible. See Jones, 549 U.S. at 213. A plaintiff is not required to specially plead or demonstrate the facts necessary to prove exhaustion. Id. at 216. However, where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014). In addition, "[a] prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies." Wyatt v. Terhune, 315 F.3d 1108,

1120 (9th Cir. 2001) (<u>overruled on other grounds by</u> <u>Albino</u>, 747 F.3d at 1166).[2]

The Court acknowledges that exhaustion of administrative remedies is an affirmative defense. However, the grievances provided by plaintiff reflect that some grievances were pending after plaintiff filed this action. In addition, plaintiff included multiple issues in the grievances, and the appeals reviewer declined to address duplicative issues. It appears that plaintiff may have grieved the medical care for his spinal vertebrae and excruciating pain in grievance HDSP HC 25000577.[3] But it is unclear whether plaintiff obtained headquarters level of review on his grievances concerning medical care for his left ankle injury and his right hand nodule <u>before</u> he filed this action on January 23, 2025. Plaintiff is cautioned that if he did not receive this final decision prior to January 23, 2025, he should opt to pursue those claims in a separate action, after he has received final decisions from headquarters.

VIII.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The allegations in the second amended complaint are sufficient at least to state potentially cognizable Eighth Amendment claims against defendants Dr. Stokmanis and Dr. D. Eaton based on plaintiff's serious medical needs involving his spinal vertebrae and excruciating pain. <u>See</u> 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order. In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims as discussed above.

2. The remaining Eighth Amendment claims against defendants Dr. Stokmanis and Dr. D.

---

[2] In <u>Wyatt</u>, the Ninth Circuit held a defendant should raise failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), by an unenumerated rule motion under Rule 12(b) of the Federal Rules of Civil Procedure. 315 F.3d at 1119. Subsequently, the Ninth Circuit overruled <u>Wyatt</u> to hold the proper framework for a defendant to challenge exhaustion is "under . . . the existing rules" rather than through an unenumerated rule motion. <u>Albino</u>, 747 F.3d at 1166.

[3] Plaintiff did not provide a copy of grievance HDSP HC 25000577, so the Court is unable to determine whether plaintiff received a final decision concerning medical care for his spinal vertebrae and excruciating pain prior to filing this action.

1  Eaton based on plaintiff's left ankle injury and right hand nodule, and plaintiff's negligence
2  claims, are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff
3  may amend the SAC to attempt to state cognizable Eighth Amendment claims against these
4  defendants based on plaintiff's left ankle injury and right hand nodule, and to attempt to state a
5  negligence claim.  Plaintiff is not obligated to amend his complaint.
6       3. Failure to comply with this order will result in this action proceeding on plaintiff's
7  Eighth Amendment claims against defendants Dr. Stokmanis and Dr. D. Eaton, based on
8  plaintiff's serious medical needs involving his spinal vertebrae and excruciating pain, and a
9  recommendation that plaintiff's remaining claims be dismissed.

11  Dated:  October 20, 2025

                              _____
                              CHI SOO KIM
                              UNITED STATES MAGISTRATE JUDGE

14  /1/wils0309.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHN WILSON, | No. 2:25-cv-0309 CSK P |
| Plaintiff, | NOTICE OF ELECTION |
| v. | |
| HIGH DESERT STATE PRISON, et al, | |
| Defendants. | |

Plaintiff elects to proceed as follows:

_____   Plaintiff opts to proceed with his Eighth Amendment claims against defendants Dr. Stokmanis and Dr. D. Eaton, based on plaintiff's serious medical needs involving his spinal vertebrae and excruciating pain. Under this option, plaintiff consents to dismissal of the noncognizable Eighth Amendment claims against defendants Dr. Stokmanis and Dr. D. Eaton based on plaintiff's ankle injury and right hand nodule without prejudice, dismissal of his negligence claim, and dismissal of High Desert State Prison and the official capacity claims against defendants Dr. Stokmanis and Dr. D. Eaton with prejudice.

**OR**

\_\_\_\_\_   Plaintiff opts to file a third amended complaint and delay service of process.

DATED:

_____
Plaintiff

1